# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 17-03137-01-CR-S-RK** |
| **CLINTON CAMPBELL,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on October 23, 2018. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Clinton Campbell, to 168-months' imprisonment, followed by a 20-year term of supervised release.

### I. FACTUAL BACKGROUND

On April 16, 2017, Internet Crimes Against Children (ICAC) Task Force Officer (TFO) Lee Walker conducted an online investigation on the BitTorrent network for offenders sharing child pornography. During the investigation, TFO Walker determined that a remote device using IP address 173.25.62.27 was associated with multiple torrent files involving child pornography. Using a computer running investigative BitTorrent software, a direct connection was made to the device at IP address 173.25.62.27. TFO Walker successfully downloaded 74 complete files and 22 partial files from the device.

Several of the files contained depictions of children as young as five years old being sexually assaulted.

TFO Walker discovered that IP address 173.25.62.27 had been observed by law enforcement over 2,000 times in association with 82 unique torrent info hashes. TFO Walker determined that IPv4 address 173.25.62.27 was serviced by Mediacom Communications Corporation (Mediacom). On May 5, 2017, TFO Walker obtained and electronically served a subpoena on Mediacom for records related to this IP address, at the date and time TFO Walker downloaded the contraband imagery. The records received from Mediacom indicated that IP address 173.25.62.27 was utilized by an account assigned to customer "CLINT CAMPBELL," with a service and billing address of 205 East Maple Street, Mansfield, Missouri.

On July 14, 2017, United States Magistrate Judge David P. Rush authorized a warrant to search the defendant's residence. The warrant was subsequently executed on July 18, 2017. The defendant was present within the residence and questioned with regard to the above-described activity. The defendant readily admitted to regularly downloading imagery depicting child pornography from the internet. The defendant also noted that he was aware that other users were able to access his files via the internet using peer-to-peer software. The defendant confessed that he had last accessed depictions of child pornography earlier in the day and that he typically masturbated one or two times a day while viewing this imagery. The defendant estimated that he would have thousands of files on his computer that depicted child pornography.

Several digital storage devices were seized during the search. The defendant's HP laptop computer was later forensically examined and contained approximately 1483 image files, and 48 video files containing contraband imagery. Several images were digitally altered to place the face of a known juvenile on an image of another child being sexually assaulted. In some of the images, the defendant manipulated the image of the perpetrator to replace the original face with his own photograph. Other images of children appear to have been taken surreptitiously as they passed in front of his house.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The defendant, in his sentencing memorandum, argues that this Court impose a sentence of 70 months' imprisonment, followed by a five-year term of supervised release despite the defendant's extraordinarily disturbing conduct. The defendant bases his argument entirely on the well-worn assertion that the applicable Sentencing Guidelines are flawed and that contention somehow merits a wholesale departure from the Guidelines notwithstanding the fact the defendant presents a clear danger to the community, victimized scores of children, knowingly allowed others to access his vast collection of child pornography, and is almost certainly a pedophile.

As the presentence report investigation makes clear, this defendant's activities are far more disturbing than similarly situated offenders. Consequently, the Government respectfully suggests that a sentence of 168 months' imprisonment, followed by a 20-year term of supervised release is appropriate.

3

Case 6:17-cr-03137-RK   Document 31   Filed 10/18/18   Page 3 of 8

### A. Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id.* at 49-50.

The final presentence investigation report, filed on July 17, 2018, reports that the defendant's advisory guideline range of imprisonment is 151 to 188 months' imprisonment, based on a total offense level of 34, and a criminal history category I. Further, the defendant is subject to a period of supervised release of not less than five years. There are no objections to the Guideline calculations contained in the final presentence investigation report.

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The defendant first came to the attention of law enforcement through an investigation of trafficking child pornography via the BitTorrent network. The IP address used by the defendant had been identified in other investigations as being associated with the distribution of child pornography. The defendant readily admitted that he was fully aware of the fact that he was involved in distributing child pornography and, had, in fact, uploaded images depicting child pornography to a website in a foreign country.

On a more disturbing note, the defendant altered images of child pornography to feature children he knew in order to make his experience "more real." The defendant added

4

Case 6:17-cr-03137-RK   Document 31   Filed 10/18/18   Page 4 of 8

profoundly horrific captions to these images, evidencing a desire to not only sexually abuse prepubescent minors, but to also inflict pain upon these children in the process. The defendant confessed that he masturbated using the images multiple times a day and had done so just prior to the arrival of the law enforcement officers. Over 90 children have been identified in the imagery comprising the defendant's collection of child pornography.

### 2. **History and Characteristics of the Defendant**

The defendant does not have an extensive criminal history. The defendant does, however, appear to have a serious problem with alcohol.

### 3. **Need to Promote Respect for the Law**

While the defendant has accepted responsibility for his actions, the defendant engaged in this activity for a lengthy period of time. The defendant's abject disregard for the suffering of children involved in the production of the images that he deliberately sought, strongly suggest a complete disregard of not only the law, but also of societal norms. A lengthy sentence is therefore necessary to provide the defendant with a healthy respect for the law along with the tools to avoid re-offense.

### 4. **Need to Afford Adequate Deterrence to Criminal Conduct**

It would appear that the only mechanism to ensure the defendant is deterred from engaging in criminal conduct is incarceration. A sentence of 168-months' imprisonment will unquestionably prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law will deter the defendant from committing future illegal acts.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has been convicted of an exceptionally serious offense. The defendant's motivation for committing this crime is his sexual attraction to children. In combination with the defendant's history of alcohol abuse, the defendant presents a significant danger to society. The defendant's acts fall into the most troubling category of receipt and distribution cases. That is, the defendant was heavily involved with a community of pedophiles, and his activities went far beyond passively receiving child pornography via the Internet. Consequently, a lengthy sentence is warranted to protect the public from the defendant.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The defendant by his own admission has been actively seeking out and viewing child pornography for a significant period of time. Further, the defendant's excessive drinking suggests that he may be an alcoholic. Clearly, treatment is profoundly important for the defendant to become a productive member of society and mitigate his dangerousness to the most vulnerable members of the community.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense.

WHEREFORE, for all the foregoing reasons, the United States respectfully suggests that the Court impose a 168-month term of imprisonment, followed by 20 years supervised release.

>
> Respectfully submitted,
>
> Timothy Garrison
> United States Attorney
>
> */s/ James J. Kelleher*_____
> JAMES J. KELLEHER
> Assistant United States Attorney
> Western District of Missouri
> 901 St. Louis Street, Suite 500
> Springfield, Missouri 65806
> (417)831-4406

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

>*/s/ James J. Kelleher*
>JAMES J. KELLEHER